UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS M. FLORES, | Case No.: 1:13-cv-01633-SAB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, AS DUPLICATIVE |
| v. | [ECF No. 1] |
| CONNIE GIBSON, et al., | |
| Defendants. | |

Plaintiff Carlos M. Flores is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  (ECF No. 4.)

Plaintiff filed the instant complaint on October 10, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1] 28 U.S.C. § 1915A(a).

1

1  "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2  1915(e)(2)(B).
3        A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
8  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
9  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).
10       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
12 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
13 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
14 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
15 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
16 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
17 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
18 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## PLAINTIFF'S COMPLAINT

21       Warden Connie Gibson has knowingly allowed Plaintiff to be the subject of severe torment.
22 Correctional Officer Magllene has made comments towards Plaintiff's sexuality and allowed him to be
23 housed near inmates who pose a significant risk to his physical safety as well as psychological well-
24 being, despite knowledge of the danger.  Correctional officer Magllene has coerced medical staff to
25 ignore his pleas for treatment for "Valley Fever." Plaintiff has been stripped of his clothing, bedding,
26 food, hygiene, and placed in a cell in which he is deprived of sleep.  Magllene has read Plaintiff's
27 outgoing mail and harassed Plaintiff by identifying him as a bisexual.  Plaintiff has been placed in
28 administrative segregation under false pretenses.

# III.

# DISCUSSION

### A. Plaintiff's Complaint is Duplicative

On October 7, 2013, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in this Court, which was assigned case number 1:13-cv-01608-SAB (PC), of which the Court takes judicial notice.[2] In that complaint, Plaintiff names Warden Connie Gipson, correctional officers Quezada, Salinas, Rollins, Hernandez, Pardo, Magllenes, Adams, C. Yang, Torres, Mares, Payan, Gonzales, and Dr. Gill, as Defendants. Plaintiff alleges that he suffers from Valley Fever for which he was hospitalized in July of 2013. Dr. Gill has denied him proper medical treatment for his condition. Several correctional officers have prevented him from moving to a safer location to deal with his life threatening disease. In retaliation for filing grievances, Correctional Officers Pardo and Torres made him sleep on a urine soaked mattress for ten days. During this ten day period, correctional officers Pardo and C. Yang attempted to house him with a known enemy. Correctional officers Magllenes, Pardo, and Torres denied him blankets, sheets, food, cleaning supplies, and mail for two days. Several officers have referred to Plaintiff as a "child molester" and made homosexual slurs toward him calling him a "transsexual." Correctional Officers Magllenes and Pardo told medical staff to ignore Plaintiff's medical complaints because he was a "liar" for which he refused to be evaluated.

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." Barapind v. Reno, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F.Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action." Id. at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

federal court." Id. at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

Although the allegations in the current complaint appear to date from September 1, 2013, to the date of filing, the complaint names the same defendants and involves the same exact allegations raised in case number 1:13-cv-01608-SAB (PC). As Plaintiff's claims are duplicative of claims that he raised in the prior action in case number 1:13-cv-01608-SAB (PC), currently pending before this Court, Plaintiff should proceed on the action he initially commenced. Any future amendment to the claims should be way of filing a proper amendment in the initial case filing in case number 1:13-cv-01608-SAB (PC). This Court should not entertain two separate, duplicative lawsuits filed by the same individual against the same defendants. To do so would fly in the face of the important interests of judicial efficiency and economy. Thus, this action should be dismissed as frivolous without leave to amend. Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995).

## IV.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that the instant action is dismissed without leave to amend as duplicative.

IT IS SO ORDERED.

Dated:   **October 31, 2013**

UNITED STATES MAGISTRATE JUDGE

4